9224

## SMART v. CHARLESTON TERMINAL CO.

### (86 S. E. 770.)

1. MASTER AND SERVANT—ACTION FOR INJURY—QUESTION FOR JURY—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE.—On evidence in an action for the death of plaintiff's son, while a member of defendant's crew, by falling from the car on which he was standing, *held,* that the questions of negligence in respect to a sudden jolt and to his place of work and contributory negligence in standing too near the end of the car were for the jury.

2. MASTER AND SERVANT—ACTION FOR INJURY—ASSUMPTION OF RISK.—On evidence in such action, *held,* that the decedent's assumption of risk was a question for the jury.

Before RICE, J., Charleston, April, 1914.    Affirmed.

Action by Sarah A. Smart, as administratrix, etc., against the Charleston Terminal Company.    Judgment for plaintiff, and defendant appeals.

*Messrs. Mordècai & Gadsden & Rutledge,* and *Mitchell & Smith,* for appellant, cite: *As to motion for nonsuit; proximate cause:* 21 A. & E. Enc. of L. 485; 68 S. C. 55; 94 U. S. 475.

*Messrs. Logan & Grace,* for respondent, submit: *Same rules apply on motions to direct verdict, as for nonsuit:* 84 S. C. 299.    *What testimony will carry case to jury:* 78 S. C. 251; 80 S. C. 545; 67 S. C. 129; 90 S. C. 316; 86 S. C. 274; 50 S. C. 37; 60 S. C. 18.    *Circumstantial evidence of negligence:* 86 S. C. 304; 67 S. C. 140; 75 S. C. 408; 98 S. C. 348.

October 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

FOOTNOTE.—As to when evidence presents issue for jury, see decision in *Wade v. Oliver, post.*

Plaintiff recovered judgment against the defendant for the death of her son by defendant's negligence.

The exceptions affirmed two propositions: (1) There was no evidence of actionable negligence; (2) and, if there was, the evidence is susceptible of no other reasonable inference than that his death was due to intestate's contributory negligence, or assumed risk.

There was undisputed evidence that deceased was an experienced switchman, 31 years old, of good health and habits. At the time he was killed he was a member of a train crew in defendant's service, assisting in switching operations on defendant's yards. The train consisted of 17 box cars, and he was on the car next to the engine and tender, where his duties required him to be, receiving signals from the conductor, who was on a car about the middle of the train, and transmitting them by lantern (it was in the night) to the engineer. He received and transmitted to the engineer a signal to stop and back up. The train was backing up slowly—about two miles an hour—when the engineer and fireman saw deceased suddenly throw up his hands, in one of which he held his lantern, and fall backward between the car on which he was standing and the tender. The engineer applied the brakes and stopped the train as quickly as possible. Deceased was found on the track with his head crushed as the result of the fall, and he died instantly.

The negligence charged was: (1) In causing or allowing the train to give a sudden lurch or jolt without notice to deceased; (2) in allowing the track to become worn out, crooked, and out of alignment, and in not having the rails properly spiked to the ties, which were rotten; (3) in failing to furnish a safe place to work. The contributory negligence alleged was in taking a position so near the end of the car on which he was standing as to fall between it and the tender when he lost his footing.

Plaintiff's testimony tended to prove that where the accident happened the track was in very bad condition; that it

was rough, uneven, and out of alignment; that the ties were rotten and not properly tamped; that the spikes which held the rails in place had worked loose and were partly drawn out; that the track was so rough and uneven that you could see the cars bumping up and down as they passed over it, so that at times it was impossible for a switchman on the cars to hold his footing; that the duties of deceased did not require him to be at any particular place on the train or on a car, but required him to be wherever he could best perform them.

Defendant's witnesses testified that the track was in good condition, but was, and for about a year had been, undergoing repairs by the laying of new and heavier rails. The other members of the crew said they felt no jolt or jar of the train or of the cars upon which they were at the time of the accident.

There was no error in submitting the issues of negligence, contributory negligence, and assumption of risk to the jury, because the evidence was such that reasonable men might differ as to what inference should be drawn from it as to the cause of intestate's death; in other words, it was susceptible of a reasonable inference that he lost his footing because of a sudden jolt of the car caused by running over a rough place in the track which had not been kept in safe and suitable repair. For the reason stated, the issues of contributory negligence and assumption of risk were also property sent to the jury.

Judgment affirmed.